### FIRST NAT. BANK OF PEORIA v. ELMO, Inc., et al.
### Civ. No. 4749.

District Court, E. D. Pennsylvania.

May 9, 1947.

William D. Harkins, of Philadelphia, Pa., for plaintiff.

Pepper, Bodine & Stokes and William A. Gray, all of Philadelphia, Pa., for defendant.

KIRKPATRICK, District Judge.

The plaintiff, a citizen of Illinois, assignee of one of the minority stockholders of Elmo, brought t his suit against seven individuals and the two corporations, Elmo and Sales. The defendants fall into four groups, 1. majority stockholders of Elmo (Mary Henderson, Margaret Moore and G. W. Dunn, the last named not a stockholder but acting with the majority), 2. Sales and its stockholders (Mary Henderson, Vincent DeP. Henderson and G. W. Dunn), 3. certain minority stockholders of Elmo who are also at present officers of Elmo (Mark Elmo, R. H. Lyon and F. J. Moran) and 4. Elmo.

All the individual defendants are citizens of Pennsylvania.

The complaint discloses two causes of action which are (a) fraud upon the plaintiff by Elmo, engineered by Mary Henderson, in repurchasing from the plaintiff 280 shares of Elmo stock by various false

---

[1] No opinion for publication.

732

representations and (b) fraud by the majority stockholders, and by Elmo through their control of it, upon the plaintiff as a minority stockholder, through the medium of the organization and operation of Sales, alleged to have been a fraudulent device for the purpose of diverting Elmo's profits to the majority stockholders.

Relief is asked for against Elmo, against Sales, and against the majority stockholder group. No specific relief is asked for against the minority stockholder group.

All the defendants have filed answers. The answers filed by the minority stockholder group and by Moore join in the prayers of the complaint and each prays that he be afforded appropriate similar relief as a stockholder of Elmo. Sales and the majority group have moved for summary judgment dismissing the action on the ground that the Court lacks jurisdiction. The basis of the motion is that the interest of the minority stockholders of the Elmo group is with the plaintiffs, that a proper alignment of the parties would place them there, and that when so aligned citizens of Pennsylvania will be on both sides of the controversy.

At the argument, the plaintiff filed a memorandum consenting to and joining in the motion for summary judgment of dismissal.

■ The plaintiff is an individual stockholder who does not sue in a representative capacity and does not invite other stockholders to join, and the complaint does not comply with the requirements of Rule 23, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, with respect to class actions. Consequently, the action was not intended to be and cannot be treated as a class action. The provisions of Rule 23 (c) do not apply, nor do the provisions of Rule 41(a)(2) forbidding the dismissal of a counterclaim or the voluntary dismissal of a suit apply. The answers filed by the minority stockholders, in which they joined in the prayer of the plaintiff's complaint, might conceivably be treated as cross-claims or third-party claims, but they are not counterclaims.

If the Illinois plaintiff drops out of the case, as he is entitled to do since he no longer asserts any claim against the defendants in this suit nor do any of them assert any claim against him and since he does not stand as a representative of any of the present defendants, then the case would have to proceed on the so-called cross-claims of the minority stockholders. These cross-claims are filed by persons who are, formally, proper defendants but who are in reality plaintiffs and, in fact, are asserting their rights as plaintiffs in this action. To allow them to prosecute their cause of action in this court against citizens of the same state would be ignoring the requirement for diversity. They have a complete remedy in the state court available to them.

The complaint may be dismissed.